**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MAURICE A. JACKSON, #R-31861, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-cv-221-JPG |
| | ) | |
| DONALD GAETZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Maurice A. Jackson, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; portions of this action are subject to summary dismissal.

## FACTS ALLEGED

On June 17, 2009, Jackson received a disciplinary ticket for intimidation or threats, resulting in six months in segregation. On that same day, Jackson received a print-out of his trust fund statement for a civil case he was preparing. In reviewing that statement, Jackson discerned that his outgoing mail was being subjected to significant delays. The next day, Jackson began filing a series of grievances over this matter. Shortly thereafter, Jackson alleges that Defendants Phillips, Foster, Lockhead and Drain began contaminating his food with assorted substances, including urine, saliva, bugs, sticks, dirt, hair, and medication; he believes these actions were taken in retaliation for his grievances. Jackson then alleges, generally, that Defendant Cowan did not respond to his grievances.

During this same time, Jackson discovered that the prison menu had been modified to include a substantial amount of soy products in lieu of meat. In addition, fresh vegetables were replaced with canned vegetables, and the quantity of dairy products were reduced.

## RETALIATION

As described above, Jackson alleges that Phillips, Foster, Lockhead and Drain tampered with and contaminated his food in retaliation for grievances that Jackson filed.[1]

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). At issue here is whether Jackson

---

[1] A belief that Defendants are contaminating his food with foreign substances, including some that could cause cancer, is a bit tenuous, but it is not so far-fetched as to be deemed delusional.

experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

This is a question that cannot be resolved at the pleading stages of this case. Thus, the Court is unable to dismiss this retaliation claim against Phillips, Foster, Lockhead and Drain at this time.

However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Thus, Jackson has failed to state a claim against Cowan, and she is dismissed from this action with prejudice.

## SOY DIET

The gist of Jackson's complaint with respect to the soy in his diet is that he is not getting adequate nutrition. He also believes that excessive soy in his diet makes him ill. Such claims may be true, but Jackson has failed to make any allegations against any specific Defendant with respect to the food that he receives. Thus, at this time, Jackson has failed to state a claim upon which relief may be granted, and this claim will be dismissed without prejudice.

## OTHER DEFENDANTS

In the caption of his complaint, Jackson lists Donald Gaetz and two unknown dietary supervisors as Defendants in this action. However, in a careful reading of the complaint, the Court can find no specific allegations made against any of these people with respect to his substantive claims. Merely invoking the name of a potential defendant is not sufficient to state a claim against

that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Thus, these Defendants will be dismissed from this action.

### DISPOSITION

**IT IS HEREBY ORDERED** that the claims regarding his soy diet are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Defendants **GAETZ, COWAN** and **DOE DIETARY SUPERVISORS** are **DISMISSED** from this action with prejudice.  Plaintiff is advised that, within the Seventh Circuit, dismissal of these claims and defendants may count as a strike for purposes of § 1915(g).  *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **PHILLIPS, FOSTER, LOCKHEAD** and **DRAIN**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **PHILLIPS, FOSTER, LOCKHEAD** and **DRAIN** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk [and each opposing party] informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: September 29, 2010.**

**  s/ J. Phil Gilbert                    **
**U. S. District Judge**