# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MAURICE A. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: **3:10-cv-00221-JPG-PMF** |
| | ) | |
| DONALD GAETZ, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Philip M. Frazier from United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation. Before the Court is Defendant Drain, Foster, Lockhead, and Phillips' Motion for Summary Judgment (Doc. 24) and memorandum in support (Doc. 25). Plaintiff has filed a response (Doc. 27) to the motion.

For the following reasons, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 24) be **DENIED**.

## FACTS

Interpreting the record most favorable to the nonmoving party, the Court will now summarize the relevant facts of this case. On June 17, 2009, Plaintiff Maurice Jackson, an inmate at Menard Correctional Center ("Menard"), received a disciplinary ticket for intimidation or threats, resulting in six months in segregation. On that same day, Plaintiff received a print-out of his trust fund statement for a civil case he was preparing. In reviewing that statement, Plaintiff discerned that his outgoing mail was being subjected to significant delays. The next

1

day, Plaintiff began filing a series of grievances over this matter. Shortly thereafter, Plaintiff believes that Defendants Phillips, Foster, Lockhead and Drain began contaminating his food with assorted substances, including urine, saliva, bugs, sticks, dirt, hair, and medication. Plaintiff asserts that these actions were taken in retaliation for his prior grievances.

On August 16, 2009, Plaintiff filed grievances for food contamination and retaliation (Doc. 1 at 4). After receiving no response to his August 16, 2009 grievance, Plaintiff filed a second grievance on September 26, 2009 alleging retaliation and specific instances of food contamination (Doc. 1 at 4, 27-30). In this grievance, Plaintiff noted that his previously filed grievances had gone unanswered (Doc. 1 at 29). On October 2, 2010, Plaintiff filed another grievance (Doc. 1 at 23-25), as well as another one alleging food contamination on October 16, 2009 (Doc. 1-1 at 6-8). In November of 2009, Plaintiff wrote both Menard Warden Donald Gaetz and the grievance supervisor at Menard, Jeannette Cowan, requesting them to respond to his previously filed food contamination and retaliation grievances and included a copy of those grievances with his request (Doc. 1 at 4; Doc. 1-1 at 10-11). Plaintiff received no response to the letters (Doc. 1 at 4). On March 23, 2010, Plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that the Defendants contaminated his food in retaliation for filing grievances and for pursuing a lawsuit (Doc. 1).

## ANALYSIS

The Court will first summarize the applicable law relevant to this case and will then provide its analysis and recommendation regarding the instant motion.

### I. Motion for Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law."

2

Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396. In order to defeat summary judgment, the nonmoving party must do more than raise a metaphysical doubt as to the material facts. Instead, he "must come forward with specific facts showing that there is a genuine issue for trial." *Keri v. Board of Trustees of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006), *cert. denied*, 549 U.S. 1210, 127 (2007), citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

## II. **Failure to Exhaust Administrative Remedies, Generally**

Pursuant to the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with the lawsuit. *See* 42 U.S.C. § 1997e(a); *see also Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). Section 1997e(a) "makes exhaustion a precondition to filing suit." *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the Department of Corrections. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "Exhaustion is an affirmative defense, and the burden of proof is on the defendants." *Id.* (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

Typically, in order to fully exhaust administrative remedies, inmates are required to file a grievance regarding an issue at the institutional level, receive a response from the Chief Administrative Officer of the institution ("Warden"), and if the Warden denies the grievance, appeal the denial to the Administrative Review Board ("ARB") within 30 days. *See* 20 Ill. Admin. Code § 504.850. The inmate's grievance must be filed within 60 days of the incident, and it must contain factual details regarding each aspect of the inmate's complaint, including what happened, when, where, and the name of each person who is the subject of the complaint. *See* 20 Ill. Admin. Code § 504.810(b). Once a decision has been rendered at the institutional level, the inmate must appeal within 30 days any adverse result to the Director of the Department through the ARB. *See* 20 Ill. Admin. Code § 504.850.

When there are factual issues relating to the exhaustion defense, the Court must resolve the issue before the merits may be considered. *See Pavey*, 544 F.3d at 741-42. If the prisoner did not exhaust his administrative remedies, the Court determines whether:

(a) the plaintiff has unexhausted remedies, and so he must go back and exhaust;

(b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or

(c) the failure to exhaust was the prisoner's fault, in which event the case is over.

*Id*. at 742.

### III. <u>Defendants' Motion for Summary Judgment</u>

The Defendants argue that Plaintiff has failed to exhaust his administrative remedies because none of the Plaintiff's grievances related to this case ever reached the final stage of administrative adjudication, the ARB (Doc. 25 at 5). In support of its position, the Defendants include the affidavit of Ms. Sarah Johnson, the Chairperson for the Office of Inmate Issues for

the Illinois Department of Corrections, otherwise known as the ARB (Doc. 25 at 5, Doc. 25-1 ¶ 1). Ms. Johnson attests that she has searched the Administrative Review Board records for grievances involving the Plaintiff and Defendants in this case, and she was unable to locate any such grievances (Doc. 25-1 ¶ 6). Because the ARB could not locate Plaintiff's grievances, Defendants argue that Plaintiff could not have complied with the IDOC rules regarding exhaustion as mandated by the PLRA (Doc. 25 at 5).

The Defendants' argument ignores several sworn allegations in Plaintiff's verified complaint, as well as relevant Seventh Circuit case law. Plaintiff attaches copies of the September 26, 2009 and October 16, 2009 grievances to his verified complaint which address the relevant allegations in this case (Doc. 1 at 27-30; Doc. 1-1 at 6-8). After receiving no response to those grievances, Plaintiff took the further step of writing a letter to the Warden and the grievance supervisor at Menard requesting adjudication of the ignored grievances (Doc. 1 at 4; Doc. 1-1 at 10-11). Plaintiff attests that he received no response to the letters (Doc. 1 at 4). Instead of addressing this evidence, the Defendants instead want to claim that Plaintiff did not exhaust his administrative remedies because his grievances did not reach the highest level of review, the ARB.

The Seventh Circuit has routinely found that prisoners are only required to exhaust the administrative remedies that are available to them. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (citing *Johnson v. Litscher*, 260 F.3d 826, 829 (7th Cir. 2001)); *see also Dale*, 376 F.3d at 656; *Dole*, 438 F.3d at 808-11. The PLRA states as much, providing that "[n]o action shall be brought with respect to prison conditions under section 1983 ... until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). In this case, the more persuasive evidence demonstrates that Plaintiff took all reasonable steps to

exhaust the administrative remedies that were actually available to him. The Defendants have not addressed this evidence and, as such, have failed to meet their burden of proof for their affirmative defense. *See Dole*, 438 F.3d at 809. Based on the evidence in the record, the Court concludes that Plaintiff exhausted the administrative remedies available to him with respect to his September 26, 2009 and October 16, 2009 grievances.[1] Furthermore, the Court finds that a *Pavey* hearing would not be helpful in this case because there are no factual issues to resolve. *See Pavey*, 544 F.3d at 741-42.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the Defendants' Motion for Summary Judgment (Doc. 24) be **DENIED**.

**SO RECOMMENDED.**

**DATED:  April 4, 2011  .**

*/s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] It should be noted that the Court makes no recommendation with regard to the August 16, 2009 and October 2, 2009 grievances. Plaintiff's August 16, 2009 grievance does not appear in the record, and the Plaintiff claims that it has "vanished" (Doc. 1 at 4). It is directly referenced by the September 26, 2009 grievance (Doc. 1 at 27), but it was not mentioned in Plaintiff's letters to the Warden and grievance supervisor (Doc. 1-1 at 10-11). With regard to the October 2, 2009 grievance, the Court has reviewed the grievance and finds that it submitted as evidence of a lack of response by prison officials (Doc. 1 at 5) and the allegations contained therein are ancillary to the relevant allegations of this case (Doc. 1 at 23-25). The Court also recognizes that certain claims contained within his October 16, 2009 grievance relating to the use soy products in food may have already been dismissed by the Court's screening Order at Doc. 8.